UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN H. BALSEWICZ, *also known as* MELISSA BALSEWICZ,

            Plaintiff,

v.

VARNISHA BOWEN, ROBERT J. RYMARKIEWICZ, AIMEE WILSON, MATTHEW BURNS, JOSEPH MILLER, and JEREMIAH LARSEN,

            Defendants.

Case No. 21-CV-748-JPS

**ORDER**

---

Plaintiff John H. Balsewicz, also known as Melissa Balsewicz, an inmate confined at Kettle Moraine Correctional Institution filed a pro se complaint under 42 U.S.C. § 1983 alleging that her constitutional rights were violated. ECF No. 1. On August 12, 2022, the Court granted Plaintiff's motion to proceed for leave to proceed without the filing fee, screened Plaintiff's amended complaint and found that it failed to state a claim, and ordered Plaintiff to file a second amended complaint. ECF No. 25. On August 22, 2022, Plaintiff filed a second amended complaint, ECF No. 26, that the Court will now screen.

1.     **FEDERAL SCREENING STANDARD**

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived her of a right secured by the Constitution or the laws of the United States and that whoever deprived her of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## 2. PLAINTIFF'S ALLEGATIONS[1]

Plaintiff names Varnisha Bowen ("Bowen"), Aimee Wilson ("Wilson"), Mathew Burns ("Burns"), Joseph Miller ("Miller"), Jeremiah Larsen ("Larsen"), and Robert Rymarkiewicz ("Rymarkiewicz") as Defendants in the second amended complaint. ECF No. 26. at 1.[2] Plaintiff alleges that all Defendants retaliated against her for submitting verbal and/or written grievances for their failure to comply with the Prison Rape Elimination Act ("PREA"). *Id.* at 2.

As to Wilson, on January 15, 2020, Plaintiff wrote Wilson about being discriminated against as a transgender woman working in Waupun's food service and for other prisoners being able to view transgender women in the nude in bathroom areas. *Id.* On January 17, 2020, Wilson replied that Waupun was in compliance and that she was not investigating the complaint. *Id.* Plaintiff filed an inmate complaint on February 5, 2020, against Wilson for this response. *Id.*

On May 5, 2020, Plaintiff wrote Rymarkiewicz about the PREA regarding transgender women having to use toilet areas with male imamates and for staff overlooking her for jobs due to her complaints. *Id.* On May 10, 2020 and May 29, 2020, Plaintiff wrote Lt. Staniec concerning PREA issues; Plaintiff specifically complained that Manthei, Sonnetag, and Bowen were not supervising the PREA's enforcement, and that all food staff were punishing her by making her do other inmate jobs due to complaints. *Id.* at 4. Both Rymarkiewicz and Staniec admitted to contacting food service

---

[1] The Court notes that Plaintiff's allegations are at times confusing and difficult to read; it uses its best efforts in reciting the allegations.

[2] Defendants Yana Pusich, Tonia Moon, James Muenchow, and Randall Hepp are terminated from this action because Plaintiff did not name them as defendants in the second amended complaint. ECF No. 26.

security (Manthei, Sonnetag, and Bowen) and letting them know about her complaints about them. *Id.* Plaintiff submitted various inmate complaints regarding staff retaliation for her complaints. *Id.* The inmate complaint examiners, Tonia Moon and James Muenchow, absolutely refused to file them for any reason. *Id.* On June 11, 2020, Wilson admitted during testimony at Plaintiff's disciplinary hearing that Plaintiff had been complaining of food service staff harassing her. *Id.*

As to Bowen, Plaintiff claims that on May 27, 2020 (after Plaintiff's complaints to Wilson), Bowen arranged to have Plaintiff removed from food service and escorted to the segregation unit. *Id.* at 5. Bowen wrote a false conduct report for an alleged incident on May 26, 2020 and charged Plaintiff with disruptive conduct, inadequate work, and disobeying orders. *Id.*

As to Burns, Burns was the disciplinary hearing officer that conducted Plaintiff's major disciplinary hearing. *Id.* Burns found her guilty of being disruptive and inadequate work but not guilty of disobeying orders. *Id.* Plaintiff had previously complained about Burns for similar conduct in another pending lawsuit. *Id.* On March 29, 2021, Plaintiff filed a third inmate complaint regarding transgender prisoners and the shower policy. *Id.* at 6.

As to Rymarkiewicz, on February 16, 2020, Plaintiff filed an inmate complaint regarding security moving inmate Denzel Rivers into the same cell hall after he had threatened and beaten two transgender women named in his other lawsuit. *Id.* Rymarkiewicz had control of inmate moves and this move was done in retaliation. *Id.* Rymarkiewicz refused to relocate Rivers; Rivers wrote Plaintiff a threatening letter and attached a copy of Plaintiff's inmate complaint report. *Id.*

Page 4 of 8
Case 2:21-cv-00748-JPS   Filed 09/19/22   Page 4 of 8   Document 27

As to Miller, on October 9, 2020, Plaintiff filed an inmate complaint regarding Sgt. Miller telling her to move out of a single cell for transgender prisoners and into a double cell close to Rivers. *Id.* at 7. This was done in retaliation for her inmate complaints against him as there was no justifiable reason for the move. *Id.*

As to Larsen, Larsen was personally involved in several investigations regarding Plaintiff's complaints. *Id.* Larsen placed Plaintiff in clinical observation when she was refused a shower by Pawlyk. *Id.* Plaintiff wrote her clinician and stated that her anxiety level goes sky high when Sergeant Pawlyk works since she is harassed. *Id.* Plaintiff wrote her clinician about Pawlyk refusing her showers and medication in September 2017. Larsen was fully aware of Plaintiff's concerns and complaints regarding her safety and he was a supervisory investigator. *Id.* at 8. Plaintiff filed an inmate complaint regarding Larsen telling her to shower at the same time as Rivers. Plaintiff maintains this action was retaliatory. *Id.*

3. **ANALYSIS**

The Court finds that Plaintiff can proceed against Defendants for a First Amendment retaliation claim. To prevail on this claim, Plaintiff must ultimately show that: "(1) his threat is protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment speech; and (3) his threat was at 'least a motivating factor'" in the defendants' decision to take retaliatory action. *Reed v. Bowen*, 769 F. App'x 365, 370 (7th Cir. 2019) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Here, Plaintiff alleges that Defendants retaliated against her in various manners for filing inmate grievances. The Court notes that in many instances, Plaintiff's allegations contain minimal factual details, however,

at the early pleading stage, the Court finds these allegations sufficient to state a First Amendment retaliation claim.

4. **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** A First Amendment retaliation claim against Defendants Bowen, Rymarkiewicz , Wilson, Burns, Miller, and Larsen.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the second amended complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants Bowen, Rymarkiewicz, Wilson, Burns, Miller, and Larsen;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the second amended complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** that if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider

filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that she must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or she may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

Dated at Milwaukee, Wisconsin, this 19th day of September, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.